UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80391-CIV-RYSKAMP/VITUNAC

MARIA LAZO AS PERSONAL REPRESENTATIVE
OF THE ESTATE of REMBER LAZO, DECEASED,

       Plaintiff,

v.

US AIRWAYS, INC., A FOREIGN PROFIT
CORPORATION, FLIGHT ATTENDANTS 1-5, AND
PILOTS AND CREW MEMBERS 1-5,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS CAUSE comes before the Court upon plaintiff's motion for remand **[DE 5]** filed on May 14, 2008. Defendant, US Airways, responded **[DE 6]** on June 2, 2008. Plaintiff never replied. The motion is ripe for adjudication.

This action was originally filed in the Circuit Court of the Fifteenth Judical Circuit in and for Palm Beach County, Florida with case number 50 2008CA004436XXXXMB AB. After plaintiff filed the amended complaint, defendants removed the action to this Court alleging both diversity and federal question jurisdiction.

The amended complaint raises one count of negligence against all defendants. Plaintiff alleges that each defendant owed a duty to Rember Lazo as a business invitee and beached that duty by "failing to react to in-flight emergencies appropriately and without negligence" on January 27, 2007. As result, Rember Lazo died and plaintiff suffered damages including lost

earnings, lost net accumulations beyond death, medical and future expenses incurred due to Rember's death, all other damages recoverable under Florida law including household expenses, pain and suffering, loss of support and services, mental anguish, and loss of companionship.

The complaint lists Rember's estate, Maria Lazo (wife), Renber Lazo (son), Lilian Lazo (daughter) and Ingrid Lazo (daughter) as his survivors and beneficiaries.

## *Removal and Remand*

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to the district court." *Denton v. Wal-Mart Stores, Inc.*, 733 F.Supp. 340, 340 (M.D. Fla. 1990) *citing* 28 U.S.C. § 1441(a). When removing a case to federal court, a party, among other things, must provide a "short and plain statement of the grounds for removal [.]" 28 U.S.C. §1446(a) (2008). "The notice of removal is the place to look for a basis for federal jurisdiction. A bare assertion in a subsequent brief cannot make up the deficit." *Moss Land and Mineral Corp. v. Fidelity and Cas. Co. Of New York*, 2003 WL 21360803 *3 (N.D. Ala. 2003); *see also Denton v. Wal-Mart Stores, Inc.*, 733 F.Supp 340, 341 (M.D. Fla. 1990). Any defect in removal procedure will result in remand. 28 U.S.C. § 1447(c); *Engle, M.D. v. R.J. Reynolds Tobacco Co.*, 122 F.Supp.2d 1355 (S.D. Fla. 2000).

Since removal jurisdiction implicates federalism concerns, removal statutes must be strictly construed. *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). If federal jurisdiction is questionable, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

Federal courts must also require strict compliance with the statutory removal procedure from any party seeking removal. The burden rests with the removing party to show that it

followed the proper removal procedures. *Jones ex rel. Bazerman v. Florida Dept. of Children & Family Servs.*, 202 F.Supp.2sd 1352, 1354 (S.D. Fla. 2002).

*Rule of Unanimity*

The rule of unanimity requires that in suits filed against multiple defendants, every defendant must join in the removal within the thirty day time limit, or remand must be granted. *In re Ocean Marine Mut. Prot. & Indem. Ass'n., Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993); *Engle M.D. v. R.J. Reynolds Tobacco Co.*, 122 F.Supp.2d 1355, 1359 (S.D. Fla. 2000); *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp, 588, 590 (S.D. Fla. 1983); *White v. Bonbardier Corp.*, 313 F.Supp.2d 1295, 1299 (N.D. Fla. 2004). Each defendant need not file or specifically join a removal petition, but each defendant must provide "some timely filed written indication" that it consents to removal. *Getty Oil Corp. v. Ins. Co. of N.A.*, 841, F.2d 1254, 1262 n. 11 (5th Cir. 1988). Merely asserting that all defendants consent to removal, in a petition, is insufficient. *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993). Because this rule was created to assuage federalism concerns, it must be strictly construed and enforced. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001).

An exception to this rule is for defendants who have not yet been served with the complaint. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). In that instance, a defendant that has already been served can remove the case without the consent of those yet to be served defendants.

It appears from the record that only US Airways, Inc. has been served. As such, US Airways is permitted to remove the action without the consent of the other defendants based on the exception announced in *Murphy Bros*. *See* 526 U.S. 344, 354. Thus, the rule of unanimity

does not bar this removal.

*Diversity Jurisdiction*

If diversity jurisdiction is alleged, the removing party must show that complete diversity exists between the parties in the complaint and that the amount controversy exceeds $75,000.00. 28 U.S.C. 1332(a), (c); *Matrix Z, LLC v. Landplan Design, Inc.*, 493 F.Supp.2d 1242, 1245 (S.D.Fla. 2007). Diversity exists only when each plaintiff is a citizen of a different state from each of the defendants at the time the complaint is filed. *Freeport-McMorRan Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). An individual's citizenship is determined by that person's domicile for the purposes of determining whether diversity jurisdiction exists. *McCormick v. Adlerholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A corporation is a citizen of any state where it has been incorporated and any state where it has its principal place of business. 28 U.S.C. 1332(c)(1); *Wachoivia Bank v. Schmidt*, 546 U.S. 303, 317 (2006). When premised on diversity of citizenship, removal is only permitted where no defendant is a citizen of the state in which the action was brought. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). To determine whether diversity exists, courts look to the complaint, notice of removal, and any relevant portions of the record. *Stevens v. Nichols*, 130 U.S. 230, 231 (1889); *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976).

Moreover, mere assertions or speculations are insufficient to meet this burden. A defendant must provide specific evidence to show that jurisdiction exists, without which remand must be granted. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such

absence, the existence of jurisdiction should not be devined by looking to the stars." *Id.*

It is undisputed that plaintiff is a Florida citizen. Although, in the amended complaint plaintiff appears to allege that US Airways is a Florida resident, plaintiff does not dispute US Airways' contention that it is organized in Delaware and that Arizona is its principal place of business. Instead, plaintiff argues that the remaining defendants are Florida citizens and that therefore diversity is destroyed.

Plaintiff alleges that defendants "Flight Attendants 1-5" and "Pilots and Crew Members 1-5" are citizens of Florida. In the notice of removal, US Airways states that these defendants are fictitiously named and that their citizenship should therefore be disregarded. US Airways also claims that each of these defendants are citizens of either Ohio or Pennsylvania. In its response to the motion for remand, US Airways filed the affidavit of Thomas E. Lizardi, US Airways Senior Manager of Claims and Litigation in Risk Management, who named each of the flight attendants and pilots on the January 27, 2007 flight. Lizardi reviewed the personnel files of each defendant and by reference to each individual's driver's licenses, Flight Attendant Certificates and Airman Certificates established that each person was either a Pennsylvania or Ohio citizen at, and subsequent to, the time that the case was removed.

As stated above, to determine whether diversity exists, courts look to the complaint, notice of removal, and any relevant portions of the record. *Stevens v. Nichols*, 130 U.S. 230, 231 (1889); *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976). A defendant must provide specific evidence to show that jurisdiction exists, without which remand must be granted. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). This Court holds that the affidavits, to which plaintiff failed to reply, constitute sufficient evidence that the flight

attendants and pilots are not Florida citizens. Merely stating that these individuals are not Florida citizens would have been insufficient. Since, however, Lizardi consulted driver's licenses and professional certifications to establish citizenship, US Airways has provided specific evidence that jurisdiction exists. As such, this Court need not determine whether "Flight Attendants 1-5" and "Pilots and Crew Members 1-5" are fictitious names or whether they were fraudulently joined.

Amount in Controversy

The diversity statute requires that amount controversy exceed $75,000.00 to establish federal jurisdiction. 28 U.S.C. 1332(c). Where damages are unspecified, defendant must show that the jurisdictional amount is met by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). To do this, defendant must provide the "greater weight of the evidence, ... [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to include a fair and impartial mind to one side of the issue rather than the other." *Id.* at 1209 (citing, *Black's Law Dictionary* 1220 (8th ed. 2004).

Whether jurisdiction exists must be determined by reviewing the removal documents. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.* If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. *Id.* at 1213.

As the following explains, this Court holds that defendant has provided sufficient evidence to establish jurisdiction.

First looking to the face of the complaint, plaintiff sought damages to exceed $15,000.00, but did not state a specific amount.  Since the amount in controversy is not facially apparent, this court must next look to the notice of removal, and other evidence existing at the time of removal, to determine if the jurisdictional amount is met.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006).

Where the pleadings are inadequate, Courts can look to the record to find evidence that diversity jurisdiction exists.  *Id.* at 1320.  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.  The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."  *Lowery v. Alabama Power Co.*, 483 F.3d 1214-15 (11th Cir. 2007).

Since the defendant has the burden of proving the necessary removal elements, "a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). To this end, defendant argues that plaintiff seeks damages in excess of $75,000.00 because of the number of Rember's survivors as well as the types of damages alleged, such as: loss of earnings, loss of net accumulations, medical or future expenses, household expenses, pain and suffering, loss of support and services, mental anguish and loss of companionship.  This alone is

insufficient. *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 808 (11th Cir. 2003); *State Farm Fire & Cas. Co. v. Knoblett*, 2008 WL 2492262 *1 (N.D. Ala. May 29, 2008)(publication in F.Supp.2d pending). Defendant also cites a conversation where "counsel for Plaintiff advised undersigned counsel that the current settlement demand will be at least $1,000,000, 'well into seven figures.'"

In the response to the motion to remand, defense counsel filed an affidavit attesting to the conversation he had with plaintiff's counsel regarding the amount of recovery sought. This constitutes legally certain evidence that plaintiff seeks damages in excess of $75,000.00. *AAA Abachman Enterprises, Inc., v. Stanley Steemer Intern., Inc.*, 268 Fed.Appx., 864, 866-67 (11th Cir. 2008) (relying on plaintiff's demand letter seeking more than $75,000 to establish federal jurisdiction).

It is true that this Circuit requires that if removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). In this instance, the document is an affidavit supplied by defendant attesting to a verbal settlement discussion with plaintiff's counsel. This Court holds that this satisfies the requirement. The information contained in the document was provided by plaintiff. Holding otherwise would create an unfair rule wherein a defendant would be permitted to remove an action if a plaintiff made a written demand offer but would be precluded from seeking removal when a plaintiff made a verbal demand offer. The actual demand is the relevant fact that plaintiff has provided.

It goes without saying that if a plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he

would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Thus, plaintiff had the opportunity to provide evidence that her damages did not exceed $75,000.00 but, by failing to reply, she failed to do so. *See, Williams v. Best Buy Co., Inc.* 269 F.3d 1316, 1320 (11th Cir. 2001)(holding that a plaintiff's refusal to stipulate that he seeks damages under $75,000, alone, is not sufficient to satisfy a defendant's burden of proof.). As stated above, a plaintiff can avoid federal diversity jurisdiction by reducing its damages beneath the jurisdictional amount. Plaintiff chose not to specifically reduce the amount sought and thereby took her chances that federal jurisdiction may have been established.

Since this Court has found that diversity jurisdiction exists, there is no need to inquire into whether federal question jurisdiction also exists. After considering the motion and responsive documents, as well as any other relevant portion of the docket, it is hereby,

ORDERED AND ADJUDGED that plaintiff's motion for remand **[DE 5]** is **DENIED**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 21 day of August, 2008.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

copies provided:
All counsel of record